IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRASHUN JOHNSON,

                          Plaintiff,                                    OPINION and ORDER

        v.
                                                                        23-cv-716-jdp
IRON COUNTY SHERIFF'S OFFICE,

                          Defendant.

---

Plaintiff Trashun Johnson, proceeding without counsel, alleges that Iron County Sheriff's deputies falsely accused him on separate occasions of yelling at his neighbor's children, resulting in his arrest for disorderly conduct and violating a restraining order. Those charges were ultimately dismissed at separate trials. Johnson brings claims based on false arrest, malicious prosecution, and racial discrimination.

Because Johnson proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Johnson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim for which I could grant relief. But I will allow Johnson to amend the complaint to fix the problems with his false arrest and malicious prosecution claims based on an arrest that occurred on January 6, 2023.

ALLEGATIONS OF FACT

On January 4, 2023, Iron County Sheriff's deputies Foryan and Conhartoski arrested Johnson based on a report that he had shouted profanity at his neighbor's children. While driving Johnson to the station, Conhartoski said that he was the least racist officer in the county, loved Michael Jordan, and almost had a black grandfather.

Two days later, Johnson was arrested for yelling in the hallway, which was deemed to be a violation of a temporary restraining order (TRO) that his neighbor had obtained. Johnson was arrested even though he provided video showing that he had been inside his apartment when the incident occurred. Johnson was later acquitted of both charges in separate trials.

BACKGROUND

About two weeks after Johnson brought this action, he brought a separate action against Iron County Deputies Matthew Foryan and Tom Conhartoski, other individuals, and the City of Mercer. *Johnson v. Mercer*, 23-cv-762-jdp. Johnson raised similar allegations in that case. I allowed Johnson to proceed against Foryan based on claims of false arrest and malicious prosecution, but I dismissed his racial discrimination and other claims. Dkt. 5 in the '762 case. I later granted Foryan's motion for summary judgment on the merits of Johnson's false arrest and malicious prosecutions claims. Dkt. 27 in the '762 case.

ANALYSIS

I take Johnson to bring false arrest and malicious prosecution claims based on each arrest, and his acquittal in each related trial, along with a racial discrimination claim based on Conhartoski's remarks during the car ride.

Johnson's claims have a common problem. Johnson names the Iron County Sheriff's Department as defendant, but it is not a suable legal entity under § 1983. *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Johnson would have to bring his claims against each employee of the Sheriff's Department who violated his federal rights, naming that individual as a defendant in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

Johnson's claims each have their own specific pleading problems. The claims based on the January 4 incident are barred by issue preclusion. Issue preclusion, also referred to collateral estoppel, "applies based on a prior federal judgment when (1) the issue sought to be precluded was the same as that involved in the prior litigation, (2) the issue was actually litigated, (3) the determination of the issue was essential to the final judgment, and (4) the party against whom estoppel is invoked was fully represented in the prior action." *Oneida Nation v. Vill. of Hobart*, 968 F.3d 664, 686 (7th Cir. 2020) (alterations adopted). Issue preclusion applies to both factual and legal issues. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The basic rule is that when two lawsuits are pending based on the same issue, the first entered final judgment has preclusive effect in the second suit. *See Farhy v. Comm'r of Internal Revenue*, 100 F.4th 223, 234 (D.C. Cir. 2024); *Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 712 (5th Cir. 2005). I may raise issue preclusion on my own. *Carr v. Pitzen*, No. 23-cv-313-jdp, 2023 WL 3620878, at *2 (W.D. Wis. May 24, 2023).

These elements are met here. In the '762 case, Johnson sought relief against Foryan and Conhartoski, alleging that: (1) he was arrested and subjected to a malicious prosecution based on false allegations that he shouted profanity at his neighbor's children on January 4, 2023; and (2) his arrest was discriminatory because he was a black man in a white neighborhood.

3

Dkt. 5 in the '762 case, at 1–4. The racial discrimination claim, and Johnson's false arrest and malicious prosecution claims against Conhartoski, were all dismissed on screening the complaint. *Id.* at 2–4. I allowed Johnson to proceed on false arrest and malicious prosecution claims against Foryan, but I later granted summary judgment to him on the merits of those claims. Dkt. 27 in the '762 case. These facts establish the first three elements of issue preclusion.

Regarding the fourth element, full representation, Johnson had a "full and fair opportunity to litigate the issues in the earlier case." *See Carr*, 2023 WL 3620878, at *2. I granted summary judgment on the false arrest and malicious prosecution claims after the parties conducted discovery. I dismissed the racial discrimination claim on screening the complaint, but Johnson could have sought reconsideration of that ruling after obtaining discovery. *Cf. id.* Besides, the summary judgment evidence showed that there was at least probable cause for Johnson's arrest based on the January 4 incident, which undercuts an inference of discriminatory intent. The final judgment in the '762 case precludes Johnson's false arrest, malicious prosecution, and racial discrimination claims based on the January 4 incident.

That leaves Johnson's false arrest and malicious prosecution claims based on the incident that occurred on January 6, 2023. There are two specific pleading problems with these claims. First, Johnson does not identify which Iron County deputy was responsible for his arrest and malicious prosecution following that incident. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)); *Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012) ("Plaintiff cannot

4

state a claim upon which relief may be granted against [individuals] not discussed in the body of the complaint.").

Second, Johnson's bare allegations don't plausibly suggest that the deputy or deputies who arrested him lacked probable cause to believe that he had violated the TRO. *Cf. Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (stating that probable cause to arrest is an absolute defense to any claim against police officers for false arrest or malicious prosecution). Johnson alleges that he was arrested for yelling in the hallway even though he was in his apartment when the incident occurred. But Johnson could have been yelling at his neighbor's children from inside his apartment. Johnson hasn't alleged enough facts to suggest that the decision to arrest him turned on his presence in the hallway. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A "complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.").

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Further amendment on Johnson's claims based on the January 4 incident would be futile because issue preclusion bars them. I will dismiss these claims without leave to amend. However, it's too early to tell whether issue preclusion, claim preclusion, or some other procedural bar would apply to Johnson's false arrest and malicious prosecution claims based on the January 6 incident. Therefore, I will allow Johnson to amend the complaint to fix the problems with those claims.

CONCLUSION

I will allow Johnson to file an amended complaint to fix the problems with his false arrest and malicious prosecution claims based on the incident that occurred on January 6, 2023. In drafting his amended complaint, Johnson should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Johnson must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Johnson should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Johnson believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining the types of claims wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff TraShun Johnson's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff's false arrest, malicious prosecution, and racial discrimination claims based on the incident that occurred on January 4, 2023, are DISMISSED with prejudice.

3. Plaintiff may have until May 26, 2025, to submit an amended complaint that fixes the problems with his false arrest and malicious prosecution claims based on the incident that occurred on January 6, 2023.

4. Plaintiff must file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form

completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five (5) supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

5. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

6. If plaintiff fails to comply with this order, I may dismiss this case.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

8. The clerk of court is directed to send plaintiff a copy of the nonprisoner complaint form.

Entered April 24, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge